UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2007 Grand Jury

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 07- **07-01049** |
| Plaintiff, | ) | I N D I C T M E N T |
| v. | ) | [21 U.S.C. § 846: Conspiracy to Manufacture, Possess with Intent to Distribute, and Distribute Cocaine Base; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii): Distribution of Cocaine Base] |
| CHARLES LEROY TWYMAN, aka "Lee," and KENNETH BERNARD RILEY, aka "Kenny Boy," | ) ) ) ) ) | |
| Defendants. | ) | |

FILED 2007 SEP 26 PM 4:58 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES BY ___

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A.  OBJECTS OF THE CONSPIRACY

Beginning on or about September 16, 2005, and continuing to on or about September 17, 2005, in Los Angeles County, within the Central District of California, and elsewhere, defendants CHARLES LEROY TWYMAN, also known as ("aka") "Lee" ("TWYMAN") and KENNETH BERNARD RILEY, aka "Kenny Boy" ("RILEY"), and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally (a) manufacture, (b) possess with

intent to distribute, and (c) distribute more than 50 grams of a mixture or substance containing cocaine base, in the form of crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

B.  **MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED**

The objects of the conspiracy were to be accomplished in substance as follows:

1. Defendant TWYMAN would supply cocaine powder to defendant RILEY.

2. Defendant RILEY would convert the cocaine powder supplied by defendant TWYMAN into cocaine base, in the form of crack cocaine.

3. Defendant RILEY would distribute the cocaine base, in the form of crack cocaine, to a purchasing customer.

C.  **OVERT ACTS**

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, defendants, and others known and unknown to the Grand Jury, committed various overt acts on or about the following dates, within the Central District of California and elsewhere, including but not limited to the following:

1. On September 16, 2005, in a telephone conversation and using coded language, defendant RILEY and a confidential source ("CS") discussed defendant RILEY supplying cocaine base to the CS.

2. On September 17, 2005, in a telephone conversation and using coded language, defendant RILEY and the CS discussed where

defendant RILEY would deliver the cocaine base to the CS.

3. On September 17, 2005, defendant RILEY met with the CS at Tin Sings restaurant in Hawthorne, California.

4. On September 17, 2005, during the meeting at Tin Sings restaurant, defendant RILEY told the CS that defendant RILEY could deliver nine ounces of cocaine base to the CS, but that the CS could not watch while defendant RILEY converted cocaine into the cocaine base.

5. On September 17, 2005, during the meeting at Tin Sings restaurant, defendant RILEY told the CS that someone had to deliver the cocaine to defendant RILEY.

6. On September 17, 2005, defendant TWYMAN delivered nine ounces of cocaine to defendant RILEY.

7. On September 17, 2005, in a telephone conversation and using coded language, defendant RILEY and the CS discussed the price for the cocaine base that defendant RILEY would deliver to the CS.

8. On September 17, 2005, the CS paid defendant RILEY $4,500 for the cocaine base.

9. On September 17, 2005, in a telephone conversation and using coded language, defendant RILEY and the CS discussed defendant RILEY's conversion of the cocaine powder delivered to defendant RILEY by defendant TWYMAN into cocaine base.

10. On September 17, 2005, defendant RILEY delivered approximately 248.5 grams of cocaine base, in the form of crack cocaine,to the CS, and the CS paid defendant RILEY an additional $1,125 for the cocaine base.

11. On September 17, 2005, in a telephone conversation and

1  using coded language, defendant RILEY and defendant TWYMAN
2  discussed the money that defendant RILEY had received from the CS
3  for the approximately 248.5 grams of cocaine base.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii)]

On or about September 17, 2005, in Los Angeles County, within the Central District of California, and elsewhere, defendant KENNETH BERNARD RILEY, also known as "Kenny Boy," knowingly and intentionally distributed approximately 248.5 grams of a mixture or substance containing cocaine base, in the form of crack cocaine, a Schedule II controlled substance.

A TRUE BILL

/s/
_____
FOREPERSON

GEORGE S. CARDONA
United States Attorney

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

BONNIE L. HOBBS
Assistant United States Attorney
Violent and Organized Crime Section